# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| RANDY S. KIRKSEY and<br>MARY W. KIRKSEY | § § § | PLAINTIFFS |
| v. | § § | CAUSE NO. 1:08CV1378 LG-RHW |
| MISSISSIPPI FARM BUREAU<br>MUTUAL INS. CO., ET AL. | § § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO DISMISS

BEFORE THE COURT is the Motion to Dismiss [4] filed by Defendant Mississippi Farm Bureau Casualty Insurance Company. The Plaintiffs have not filed a response. After due consideration of the Motion, the allegations of the Complaint, and the relevant law, it is the Court's opinion that the Plaintiffs have stated a claim against Mississippi Farm Bureau. Accordingly, the Motion will be denied.

### DISCUSSION

Plaintiffs have brought suit against three insurance companies and two insurance agents alleging that the Defendants accepted Plaintiffs' application for flood insurance, mis-rated their property, and issued a "standard risk" policy instead of issuing a "preferred risk" policy. As a result, Plaintiffs claim they were charged unnecessarily higher premiums, which in turn prevented them from purchasing higher property coverages. Plaintiffs allege that when Hurricane Katrina caused damage to their insured property, they were, in effect, under-insured and failed to be indemnified to the extent they could have been had their policy been a "preferred risk" (i.e., a "cheaper" policy) that would have allowed them to purchase more insurance coverage for the same price they were paying for the "standard risk" policy.

Defendant Mississippi Farm Bureau moves for dismissal pursuant to Fed. R. Civ. P.

12(b)(6) for failure to state a claim upon which relief can be granted. A complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations. All that is required is "enough facts to state a claim that is plausible on its face," as opposed to mere labels and conclusions that state only a speculative or conceivable claim. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). In determining whether dismissal should be granted, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Capital Parks, Inc. v. Se. Adver. & Sales Sys., Inc*., 30 F.3d 627, 629 (5th Cir. 1994). The Court limits its inquiry to whether the plaintiff is entitled to offer evidence to support claims, and does not address whether the plaintiff will ultimately prevail on the merits. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

The Complaint alleges that Plaintiffs' flood insurance application was approved and underwritten by the "Farm Bureau Defendants," and that they negligently classified the property, causing damages. Compl. 3. Although these allegations are not detailed or specific, the Court must accept them as true, and they are enough to raise a right of relief above the speculative level. *Twombly*, 127 S.Ct. at 1965. Whether Mississippi Farm Bureau actually had a contractual relationship, or any relationship at all, with the Plaintiffs is a factual matter not properly adjudicated under Rule 12(b)(6).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [4] filed by Defendant Mississippi Farm Bureau Casualty Insurance Company is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 5th day of March, 2009.

s/*Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge